Prescott Y. SPINNEY

v.

PHILADELPHIA COKE COMPANY

and

Liberty Navigation, Inc.

and

Atlantic Port Contractors, Inc.

Civ. A. No. 18596.

United States District Court
E. D. Pennsylvania.
Aug. 26, 1957.

Miller & Seeger, Brooklyn, N. Y., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, for Philadelphia Coke Co.

Rawl & Henderson, Philadelphia, Pa., for Liberty Navigation, Inc.

John B. Hannum, 3rd., Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for Atlantic Port Contractors, Inc.

KIRKPATRICK, Chief Judge.

The plaintiff, deck engineer on Liberty Navigation's vessel, SS Barbara Friet-chie, brought this action to recover damages for injuries received aboard the vessel. A special verdict was taken and upon the jury's answers to the inter-rogatories, judgment was entered in favor of the plaintiff in the amount of $25,000 against two of these defendants, namely Philadelphia Coke Company and Atlantic Port Contractors, Inc., and in favor of the other defendant Liberty Navigation, Inc. Philadelphia Coke has moved the Court to enter judgment in its favor notwithstanding the verdict and in the alternative for a new trial, and Atlantic Port has moved for a new trial. The facts are as follows:

Philadelphia Coke was loading cargo consisting of coke upon the vessel, using its own employees to do the stevedoring job. Atlantic Port had delivered on the pier a piece of equipment for the vessel consisting of a steel pipe 12 to 14 feet long. During a brief suspension of the work of loading the cargo, an employee of Atlantic Port requested the Coke Company's hatch tender to pick up the pipe with the winches and put it on the deck for him—which the hatch tender agreed to do, and did. The Atlantic Port man had gone aboard and he undertook to get the pipe landed on the deck. Having landed the pipe, he released the hook and the slackened runner swung over the hatch under its own weight and knocked the plaintiff, who had been sitting on the hatch coaming, into the hold.

There was ample evidence to sustain the findings of the special verdict that both the Coke Company employees and the Atlantic Port man, who released the hook, were negligent. It is clear that their negligence contributed to the accident in substantially the same degree, so that there is no question of primary or secondary liability presented.

The only question that need be discussed is that raised by the Coke Company's contention that it is not liable because its employees, in lifting the pipe from the pier to the deck of the vessel, were acting outside the scope of their employment.

To determine whether or not the employee of a contractor is acting within the scope of his employment at any particular time, we must first ask what he was employed to do, or, in other words,

what was the contract under which the work was being done? In the present case the contract between the Coke Company and the vessel's owners is not in evidence. All that appears is that the Coke Company was engaged in "loading coke" or "loading cargo". Loading cargo, whether done by the crew or by independent stevedores, is and always has been, traditionally, ship's work. There is no proof in the present case of anything in the contract which forbade the Coke Company, acting as stevedore, to assist the ship by loading a needed bit of equipment. I do not think it can be said that longshoremen engaged in loading cargo abandon their employment when they load gear required aboard the ship, other than cargo.

The Coke Company relies upon Roberts v. Scott Brothers, Inc., 315 Pa. 341, 172 A. 681. The present case arising out of a maritime tort on navigable waters within the territorial limits of Pennsylvania, the law of Pennsylvania governs, but the situation in the Roberts case differs from that in the present one. In the Roberts case the subcontract was in evidence and the duties of the subcontractor under it were sharply delimited. The subcontractor had been engaged to haul dirt and for no other purpose. At the time the injury occurred, his employee whose negligence caused the accident was using one of the trucks to drag timber by means of a cable, for the general contractor. Apart from the contract, the nature of the activity being carried on by the employee who causes the injury is a factor to be considered. "To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized." Restatement of the Law, Agency, Sec. 229. This seems, clearly, to cover what was being done in the present case and exclude what was being done in the Roberts case.

I conclude that the negligent act of the Coke Company employees which contributed to the accident was within the general scope of their employment.

The only ground asserted in the motions for a new trial is that the verdict was excessive. The verdict was undoubtedly a very large one, considering the nature of the injury and the amount of the loss. However, I do not think the Court should substitute its own judgment for that of the jury where there is evidence which, taken in its most favorable aspect for the plaintiff, can support the verdict. This is such a case.

The motions are denied.